# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOONE, | CASE NO. 1:10-cv-00601-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| FRESNO COUNTY SHERIFF'S DEPARTMENT, | (ECF. No. 1) |
| | THIRTY-DAY DEADLINE |
| Defendant. | |

## I.   Screening Requirement

Plaintiff James Boone ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Currently pending before the Court is the complaint, filed April 7, 2010. (Compl., ECF. No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

---

[1] Although Plaintiff is currently out of custody, this action was filed while he was incarcerated at the Fresno County Jail.

1

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Discussion

It is unclear from Plaintiff's complaint what rights he is alleging have been violated and who violated those rights. In August of 2008, while housed at the Fresno County Jail, a fight broke out involving the majority of the inmates. Plaintiff was placed in the gym and was assaulted multiple times while he was handcuffed. Plaintiff was grabbed by the neck by an officer attempting to pick him up from a seated position and suffered neck and shoulder injuries. (Compl., § IV.) In this instance, Plaintiff has not named or linked any defendants to any acts or omissions that purportedly led to the violation of his rights. Iqbal, 129 S. Ct. at 1949-50.

Plaintiff brings this action against the Fresno County Sheriff's Department. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-

1  capacity suits . . . seek to impose individual liability upon a government officer for actions taken
2  under color of state law." Id. at 25.

3        Under section 1983, Plaintiff is required to show that (1) each defendant acted under color
4  of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.
5  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate
6  that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.
7  There is no respondeat superior liability under section 1983, and therefore, each defendant is only
8  liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

9        Plaintiff will be granted an opportunity to file an amended complaint. Plaintiff's amended
10  complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each
11  defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of
12  personal involvement or liability will not suffice. Iqbal at 1949-50.

13  **III.     Conclusion and Order**

14        For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
15  a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within
16  thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the
17  nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507
18  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

19        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
20  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
21  Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the
22  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
23  caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although
24  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
25  speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

26        Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
27  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
28  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

3

causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    2.    Plaintiff's complaint, filed April 7, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 28, 2011

UNITED STATES MAGISTRATE JUDGE