# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOONE, | CASE NO. 1:10-cv-00601-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH THE COURT'S MARCH 1, 2011 SCREENING ORDER |
| v. | |
| FRESNO COUNTY SHERIFF'S DEPARTMENT, | (ECF No. 10) |
| Defendant. | PLAINTIFF MUST SHOW CAUSE OR FILE AN AMENDED COMPLAINT BY JUNE 27, 2011 |

**ORDER**

Plaintiff James Boone is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 1, 2011, the Court screened Plaintiff's Complaint and found that it failed to state any claims upon which relief could be granted. (ECF No. 10.) The Court dismissed Plaintiff's Complaint and ordered him to file an amended complaint within thirty days. (Id.) Plaintiff was warned that failure to comply with the Court's Order may result in dismissal of this action for failure to state a claim upon which relief could be granted. (Id.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

1 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
2 prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
3 or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
4 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
5 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment
6 of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure
7 to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
8 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
9 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
10 (dismissal for failure to lack of prosecution and failure to comply with local rules).

11       To date, Plaintiff has not filed an amended complaint or otherwise responded to the
12 Court's March 1, 2011 Screening Order and well in excess of thirty days has passed.
13 Accordingly, not later than **June 27, 2011**, Plaintiff shall either file an amended complaint
14 or show cause as to why his case should not be dismissed.

15       Plaintiff is hereby on notice that failure to comply with this Order will result in
16 dismissal of this action for failure to prosecute and failure to state a claim upon which relief
17 could be granted.

20 IT IS SO ORDERED.

22 Dated:  May 20, 2011                    UNITED STATES MAGISTRATE JUDGE